UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| MARISA HENNESSEY,<br><br>                Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING LLC,<br><br>                Defendant. | Civil Action No.:<br>_____<br><br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff Marisa Hennessey ("Plaintiff") brings this action against defendant Midland Funding LLC ("Midland" or "Defendant") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. Defendant has been furnishing inaccurate account information that was published on Plaintiff's credit reports. On January 6, 2021, Plaintiff submitted a debt validation letter to Defendant disputing the accuracy of reporting and asking Defendant to validate the details of the account.

2. The FDPCA provides that once a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without

marking the account as disputed. Nonetheless, Defendant continued to communicate the information without marking the account as disputed or otherwise updating the account as necessary.  Defendant's reporting was thus misleading as a matter of law.

3. Plaintiff was forced to deal with the aggravation and humiliation of a poor credit score and a reduced opportunity for credit.  Accordingly, Plaintiff is entitled to damages.

## JURISDICTION AND VENUE

4. The claims asserted in this complaint arise under 15 U.S.C. §1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

5. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

## PARTIES

6. Plaintiff resides in Lee County, Florida, and qualifies as a "consumer" as that term is defined under 15 U.S.C. §1692a.  Plaintiff is an individual.

7. Defendant Midland is a Delaware corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant qualifies as a "debt collector" under the FDCPA.

## SUBSTANTIVE ALLEGATIONS

8. The case involves a Midland collections account that was reported on Plaintiff's Trans Union and Experian credit reports. The original creditor of the accounts was Synchrony Bank. The account was charged off and purportedly sold to Defendant in June 2016.

9. On January 6, 2021, after Plaintiff learned that Defendant communicated inaccurate information about the collections account, Plaintiff sent a debt validation letter directly to Defendant disputing the accuracy of information on the account.

10. Under the FDCPA, the receipt of Plaintiff's debt validation letter required Defendant to cease communicating information about the account without marking the account as disputed.

11. On December 15, 2020, Plaintiff also disputed the Midland account reporting by submitting written dispute letters to Trans Union and Experian's respective FCRA compliance departments.

12. Under the Fair Credit Reporting Act ("FCRA"), upon receiving Plaintiff's dispute letters, Trans Union and Experian were statutorily obligated to notify Defendant of the dispute within 5 days.

13. Notification of Plaintiff's dispute triggered Defendant's statutory obligations to conduct an investigation, mark the account as disputed, and delete the disputed information from Plaintiff's account.

14. Nonetheless, Defendant continued to communicate account information without marking the account as disputed.

15. Plaintiff was forced to deal with the aggravation and humiliation of a poor credit score and a reduced opportunity for credit based on the inaccurate communications.

## CAUSES OF ACTION

### COUNT I

**Against Defendant for Violating 15 U.S.C. § 1692e**

16. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

17. 15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Subsection (8) of that provision specifically states that "the failure to communicate that a disputed debt is disputed" is a violation of this section, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*.

(emphasis added).

18. Defendant received a debt validation letter from Plaintiff stating that the information on the account was disputed.

19. Nonetheless, Defendant continued to report the details of Plaintiff's account to the credit reporting agencies without marking the account as disputed.

20. Because of the inaccurate communications, Plaintiff was forced to deal with the aggravation and humiliation of a poor credit score and a reduced opportunity for credit.

21. Accordingly, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: July 8, 2021                **COHEN & MIZRAHI LLP**
                                   YOSEF STEINMETZ
                                   Florida Bar No. 119968


                                   _____*/s/ Yosef Steinmetz*_____
                                   YOSEF STEINMETZ

                                   300 Cadman Plaza West, 12th Floor
                                   Brooklyn, NY  11201
                                   Telephone:  929/575-4175
                                   929/575-4195 (fax)
                                   yosef@cml.legal
                                   ysteinmetz@cmlattorneys.com

                                   *Attorneys for Plaintiff*